## 268

LIBERTY FOLDER CO., Plaintiff-Appellee, v. ANDERSON et, Defendants, and ANDERSON, Defendant-Appellant.

Ohio Appeals, Second District, Shelby County.

No. 149. Decided July 7, 1949.

R. E. Boller, Jr., Sidney, for plaintiff-appellee.

Sidney G. Kusworm, Sr., Dayton, for C. R. Anderson, defendant-appellant.

D. F. Mills, Sidney, for the receivers.

### OPINION

By HORNBECK, J.:

The appeal is from an order of the Common Pleas Court refusing to appoint special counsel for the receivers upon the application of appellant, C. R. Anderson.

The motion recites that the "receivers have done nothing in behalf of the defendant in the defense of pending claims and litigation against him and his property and have indicated a desire to be relieved as such receivers of the duty and responsibility of preparing and presenting his defense to the alleged cause of the action of the plaintiff as set forth in its supplemental petition herein (which is not made a part of the transcript); also of the duty and responsibility of defending said defendant in criminal proceedings pending against him in the District Court of the United States for the Southern District of Ohio, and in the defense of claims for income taxes alleged to be due the United States Government."

The motion further recites that the "hearing on the claims for income taxes alleged to be due to the United States Government has been assigned for trial on the 18th of April, 1949, and that it is imperative that appellant have immediate and continuous service of attorneys to advise and act for him in the matters aforesaid," etc.

It would be sufficient to say that upon the motion and the record as it comes to us, it does not appear that the trial judge has abused his discretion in refusing to sustain the motion of the defendant. It is the function of the court in which the receiver is appointed to determine both the necessity for counsel and the compensation to be allowed them.

The general test of the obligation of a court to pay counsel for a receiver is that the services to be performed are necessary to produce, preserve or protect a fund which has, or may be, brought into the hands of the receiver and that such payment is to the interest of the receivership. As a general rule, equity does not sanction the employment by a receiver of the attorney of any of the parties or one whose interest is opposed to those of the parties in the receivership action, nor of an attorney for the debtor. 64 A. L. R. 1536, Keating v. Fuller, (Ga.) 105 S. E. 144. However, every case rests upon its own facts and, as indicated in the third syllabus of Pennsylvania Steel Company v. New York City Railway Company, 221 Fed. 441, the court may, "in a complicated controversy involving many different interests in the fund in the interest of receivers, appoint, * * *, counsel to represent an interest whose claims to be paid from the fund might not otherwise be fully presented."

It may be conceded that all of the statements of fact in the motion of defendant are true but they are not enough to require this court to say the trial judge, who has available to him all of the knowledge of his receivers, who are an arm of the court, should appoint additional counsel for the receivers charged with the obligation of special representation of the appellant.

It appears that from the testimony of Judge Mills, who is of counsel for the receivers, that when the receivers were appointed by agreement of the parties and their counsel, three attorneys were named, one of whom was to represent the appellant, one to represent the plaintiff and the third to represent Mrs. Anderson. Whether or not this understanding was communicated to the trial judge and the appointment made upon that agreement and carried into the entry does not appear. However, the three attorneys sug-

gested were appointed counsel for the receivers. Pursuant to that agreement, if it be carried out, Judge Mills is charged with the responsibility of representing the appellant. He says that he is "not physically able to represent Mr. Anderson and if the court should order the receivers to do so, and they should go ahead and defend it," he shall ask to be relieved, and furthermore, "I am not familiar with the facts, and do not know enough about them to go to trial on the 18th of April," etc. Whether or not Judge Mills' statement that he would ask to be relieved means that he would sever completely his relationship as counsel for the receivers, or that he would decline to represent the appellant, does not definitely appear. In any event, Judge Mills has not resigned and as the record now stands, he is still one of three counsel for the receivers. The receivers have made application to the court seeking to be relieved from prosecuting and defending actions for or against the appellant individually but upon the record the court has indicated no opinion and made no order on this application. So that, it is entirely problematical whether or not the court will order the receivers and their attorneys, one or more, in the interest of the receivership to represent the appellant. Unless and until such order is made, it is purely conjectural whether or not there is any necessity for the appointment of additional counsel for the receivers.

The brief of the appellee recites many circumstances and facts connected with and particularly pertinent to the status of the appellant in the receivership, most of which, as is contended by counsel for appellant, are not in this record. However, all of the subject matter, if true, is pertinent upon the question for the trial judge to determine, namely, whether or not counsel for the receivers should represent Mr. Anderson in any of his personal suits or transactions. These facts and all others germane to the question should, and no doubt will be, or have been considered by the trial judge upon the question presented, namely, the necessity and advisability of naming counsel either in the place of Judge Mills, if he resigns, or in addition to his appointment if he does not resign.

All that we have said, and much more that could be stated, is merely confirmatory that upon the facts as projected in the record in this case it clearly appears that the trial judge did not, at the time that he acted, abuse his discretion in refusing to appoint additional counsel for the receivers charged with the responsibility of representing Mr. Ander-

son individually in cases and matters to which he was a party.

The order will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.

## ON APPLICATION FOR REHEARING

No. 149. Decided July 30, 1949.

By THE COURT:

Submitted on application of appellant for rehearing.

The present rules of practice of the Courts of Appeals make no provision for application for rehearing. However, we have examined the two grounds set out in appellant's application and are satisfied to say that our original opinion, if carefully read, in our judgment answers the contention of counsel and sufficiently presents the opinion of this court on the action of the trial court on the motion of counsel for appointment of additional counsel for the receivers.

The application will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.