[Cite as *Natl. City Bank v. Semco, Inc.*, 183 Ohio App.3d 229, 2009-Ohio-3319.]


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY


NATIONAL CITY BANK,

      APPELLEE;

                                       CASE NO.  9-09-10

LAZEAR,

      APPELLANT,

      v.                                   O P I N I O N

SEMCO, INC., ET AL.,

      APPELLEES.


**Appeal from Marion County Common Pleas Court**
**Trial Court No. 06-CV-711**

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision:  July 6, 2009**


APPEARANCES:

      **John C. Bartram, for appellee National City Bank.**

      **Sherri B. Lazear and Gregory R. Flax, for appellant.**

**Clifford C. Spohm, for appellees Semco, Inc. and Leonard and Florence Furman.**

**PRESTON, Presiding Judge.**

{¶1} Receiver-appellant, Bruce C. Lazear, appeals the judgment of the Marion County Court of Common Pleas, which reduced his receivership compensation from $103,809.12 to $28,698.31. For the reasons that follow, we affirm in part and reverse in part.

{¶2} This matter stems from a promissory note between plaintiff National City Bank and defendant-appellee, Semco, Inc., and defendants Leonard and Florence Furman ("the Furmans"). On September 15, 2006, National City Bank filed a complaint against Semco and the Furmans alleging that a promissory note executed by Semco on October 6, 2004, was due and unpaid in the principal amount of $993,392.87, plus interest, and that the Furmans had executed a commercial guaranty agreement guaranteeing the payment of the promissory note. The trial court entered judgment on September 15, 2006, in favor of National City Bank and against Semco and the Furmans in the amount of $993,392.87, plus interest. Subsequently, National City Bank filed a motion for the appointment of a receiver, and on September 22, 2006, the trial court granted the motion and appointed appellant Lazear as receiver.

{¶3} On September 27, 2006, Semco filed a motion to set aside the order appointing the receiver. A hearing on the motion was held on October 30, 2006, and seven witnesses were presented before the trial court. On November 1, 2006, the trial court issued an order and judgment entry denying the motion and declaring that "the Receiver shall remain in place pursuant to the Court's Order Appointing Receiver entered on September 22, 2006 until further order of the Court."

{¶4} On December 1, 2006, Semco filed a motion for the receiver to remit his fees and requested leave to pursue the receiver for damages and accounting. In this motion, Semco alleged that the receiver's fees were excessive. On February 2, 2008, Semco filed an amendment to its original motion and deleted the portion of the motion seeking leave to pursue the receiver for damages. On July 15, 2008, Semco filed a memorandum in support of its motion, and Lazear responded by filing a motion in opposition and filing a motion for three orders (1) approving his compensation, (2) approving his inventory and final report, and (3) discharging, terminating, and prohibiting actions against him and his agents without leave of court.

{¶5} On January 20, 2009, the trial court issued a judgment entry finding that the fees Lazear and his associates had charged were not reasonable, and as a

result, the trial court reduced Lazear's compensation as receiver to $28,698.31 and ordered him to return $75,110.81 to Semco.

{¶6} Lazear now appeals and raises one assignment of error.

**ASSIGNMENT OF ERROR**

The trial court erred by reducing appellant's compensation as receiver to $28,698.31 and ordering the receiver to return $75,110.81 to defendant-appellee Semco, Inc.

{¶7} Within his assignment of error, Lazear raises three specific issues for this court's review: (1) whether the trial court was precluded from reconsidering its prior orders, which had set the receiver's compensation at $300 per hour, (2) if the trial court had the discretion to reconsider its prior orders, whether the trial court abused its discretion by reversing its prior orders in the absence of exceptional circumstances, and (3) if the trial court had the discretion to disregard its prior orders, whether the trial court abused its discretion by ordering Lazear to be compensated at $150 per hour and his associates to be compensated at $75 per hour.

{¶8} The primary purpose of a receiver is to carry out the orders of the respective appointing court, which has the power "to exercise its sound discretion to limit or expand a receiver's powers as it deems appropriate." *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 74, 573 N.E.2d 62. Because of this

discretion, a reviewing court must not disturb a trial court's judgment with regard to receivers absent an abuse of discretion. Id. An abuse of discretion is more than an error of law; rather, it suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. After a review of the record and based on the circumstances of this case, we believe that the trial court abused its discretion with respect to reducing Lazear's compensation but did not abuse its discretion with respect to his associates' compensation.

{¶9} Here, the parties are disputing the trial court's order that found Lazear's and his associates' compensation unreasonable, and as a result, reduced the amount of compensation and ordered that Lazear return the excess amount to Semco. In its original order appointing Lazear as the receiver and prescribing his powers as the receiver, the trial court stated the following power:

> To prepare periodic interim statements reflecting the Receiver's fees and administrative costs and expenses incurred in the operation and administration of the receivership estate. The Receiver shall be compensated for the performance of the duties imposed hereby at the rate of $300 per hour; the Receiver may utilize other members, associates and employees of his firm, Lazear Capital Partners, Ltd., to assist him in his duties and they shall be compensated at their respective customary hourly rates.

With respect to this order, Semco only objected to the overall appointment of the receiver, which the trial court eventually overruled; however, Semco did not make a specific objection to the $300 hourly rate of the receiver until after its motion

opposing the appointment of receiver had been overruled. In addition, Semco never appealed the trial court's order overruling its motion opposing the appointment of receiver. The first time Semco raised any issue with Lazear's compensation was in its December 1, 2006 motion to have the receiver remit his fees. Both parties contested the issue and submitted supporting affidavits, discovery documents, and even a list of other Ohio counties' rules regarding receiver compensation. The issue was finally resolved in 2009, when the trial court issued an order stating:

> It is incumbent upon this Court to decide whether the $300 per hour fee is reasonable. This Court cannot conclude that it is. This Court's own individual evaluation of the fees charged by receivers in this area leads the undersigned to the conclusion that somewhere between $75 and $150 per hour is a reasonable hourly rate.

Then the trial court reduced the amount of compensation originally requested by Lazear to $28,698.31 and ordered that he return the excess amount of $75,110.81 to Semco. Overall, we believe that the trial court abused its discretion based on the circumstances of this case.

{¶10} First of all, we note that generally orders appointing receivers are considered final, appealable orders. *United Bank v. Harman* (Dec. 6, 1983), 3d Dist. No. 3-83-14, at *2, citing *Forest City Invest. Co. v. Haas* (1924), 110 Ohio St. 188, 193, 143 N.E. 549. Here, within the order appointing a receiver, the trial court specifically prescribed Lazear's hourly rate at $300, and while this order was

objected to by Semco, Semco failed to raise an objection as to Lazear's hourly rate. In addition, because Semco failed to initially object to the reasonableness of the $300 hourly rate and this rate was preset by the trial court before Lazear performed his receivership services, this court believes that it was reasonable for Lazear to have relied on the $300 hourly rate as the basis for his compensation.

{¶11} Nevertheless, and most importantly in this case, we find the trial court's final order vague and therefore problematic. We acknowledge that generally determining the amount and measure of compensation is left to the sound discretion of the trial court. *Nozik v. Mentor Lagoons, Inc.* (July 2, 1998), 11th Dist. No. 97-L-004, at *3-4, citing *Nowman v. Nowman* (1930), 8 Ohio Law Abs. 429. See also *Hunt v. Kegerreis* (Aug. 25, 1981), 7th Dist. No. 537, at *2. However, here the trial court failed to give sufficient reasons why it was utilizing its discretion and departing from its originally prescribed hourly rate, other than it believed $300 was now "unreasonable" based on its "own individual evaluation of the fees charged by receivers in this area." Typically, receivers are entitled only to compensation " 'as is reasonable in view of the interest involved, the amount of skill necessary to conduct the business, and the time and labor given to the business.' " *Nozik v. Mentor Lagoons, Inc.* at *3-4, quoting *Postle v. Wolfram Guitar Co.* (C.P.1902), 13 Ohio Dec. 228, 229. By prescribing $300 as Lazear's hourly rate, the trial court had implicitly already found that the hourly rate was

reasonable under the circumstances of the case at that time. However, in its January 20, 2009 judgment entry, the trial court found that $300 per hour was now unreasonable based on its own independent evaluation – not based on the evidence presented by the parties or because of the particular circumstances of the case. While we are not stating that a trial court can *never* go back and modify its previous order with respect to a receiver's compensation, here we are unable to determine from the trial court's final order why the hourly rate was seemingly reasonable in the beginning of the receivership but later found to be unreasonable. See *In re Angell* (Mich.1902), 131 Mich. 345, 350, 91 N.W. 611 (finding that it was permissible for the trial court to have reduced the receiver's hourly rate because its previous order had been ex parte and the court had not been advised of the facts of the case); *Velez v. Martinez* (E.D.Pa.2002), No. 90-6449, at *1-4 (reducing the receiver's monthly expense allowance of $2,500 because it was no longer necessary since the receiver's role had changed since the allowance had been issued).[1]

{¶12} Therefore, based on the fact that the trial court failed to adequately explain its departure from its previously ordered hourly rate, we find that the trial court abused its discretion with respect to reducing Lazear's hourly rate for his

---

[1] We would like to note that while the parties did not dispute the number of hours billed by Lazear, this issue was within the trial court's discretion and it could have still reduced the hours billed by Lazear as being unreasonable under the circumstances.

compensation and that this matter should be remanded for purposes of recalculation.

{¶13} However, we believe that reducing Lazear's associates' compensation was not an abuse of discretion. The issues we have found with Lazear's compensation do not exist with respect to his associates. First of all, the trial court never specifically prescribed an hourly rate for Lazear's associates; rather, in its order appointing a receiver, the trial court stated that "other members, associates and employees of his firm, Lazear Capital Partners, Ltd., to assist him in his duties * * * shall be compensated at their respective customary hourly rates."[2] Thus, the reasonableness of their compensation was never officially determined and in fact was left unresolved and open for objections. Second, because there was no specific prior determination, unlike with Lazear, we believe that the associates had no similar reasonable reliance with respect to their compensation. And finally, because there was no prior determination of the reasonableness of the associates' compensation, there was no need for the trial court to have explained its determination of the associates' compensation in its final order, as it should have done with respect to Lazear's compensation.

---

[2] Lazear argues in his reply brief that no one disputed the evidence he offered that demonstrated $300 per hour was the customary hourly rate for his associates. However, at oral arguments, Lazear acknowledged that the only documents that purported to illustrate the associates' customary rate were the self-serving invoices submitted by Lazear to the trial court for purposes of a final accounting.

{¶14} Therefore, as to Lazear's compensation, we find that the trial court abused its discretion when it reduced its previously ordered $300 hourly rate without adequate explanation for its new finding, and that this matter should be remanded for purposes of recalculation. However, with respect to Lazear's associates' compensation, we find that the trial court did not abuse its discretion when it ordered that they be compensated at $75 per hour.

{¶15} Lazear's assignment of error is therefore sustained in part.

{¶16} Having found no error prejudicial to appellant Lazear herein, in the particulars assigned and argued in his sole assignment of error with respect to his associates' compensation, we affirm the trial court's judgment. However, having found error prejudicial to appellant Lazear, in the particulars assigned and argued in his sole assignment of error with respect to his own compensation, we reverse the trial court's judgment and remand the matter for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

WILLAMOWSKI and ROGERS, JJ., concur.