[Cite as *Natl. City Bank v. Semco, Inc.,* 2011-Ohio-172.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY


NATIONAL CITY BANK,

    PLAINTIFF-APPELLEE,                CASE NO. 9-10-42

    v.

SEMCO INC., ET AL.,                  O P I N I O N

    DEFENDANTS-APPELLANTS.


**Appeal from Marion County Common Pleas Court**
**Trial Court No. 2006-CV-0711**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  January 18, 2011**


**APPEARANCES:**

    *J.C. Ratliff*  for Appellants

    *Yvette A. Cox*  for Appellee

Case No. 9-10-42

**PRESTON, J.**

{¶1} Defendants-appellants, Semco, Inc., and Leonard and Florence Furman, appeal the judgment of the Marion County Court of Common Pleas, which ordered the payment of the receiver-appellee's attorneys' fees in the amount of $65,926.87. For the reasons that follow, we reverse.

{¶2} This matter stems from a promissory note between plaintiff National City Bank and Semco, Inc. ("Semco"), and Leonard and Florence Furman ("the Furmans"). On September 15, 2006, National City Bank filed a complaint against Semco and the Furmans alleging that a promissory note executed by Semco on October 6, 2004, was due and unpaid in the principal amount of $993,392.87, plus interest, and that the Furmans had executed a commercial guaranty agreement guaranteeing the payment of the promissory note. The trial court entered judgment on September 15, 2006, in favor of National City Bank and against Semco and the Furmans in the amount of $993,392.87, plus interest.

{¶3} Subsequently, National City Bank filed a motion for the appointment of a receiver, and on September 22, 2006, the trial court granted the motion and appointed appellee, Bruce Lazear ("Lazear"), as receiver. In this order, the trial court enumerated several powers and responsibilities of the receiver, including the power,

> **[t]o institute ancillary proceedings in this State or other states and countries as are necessary to preserve and protect the**

-2-

**receivership estate, and the Receiver may engage the services of legal counsel, if necessary, without further application to this Court \* \* \*. Upon application to and approval by this Court, the Receiver may pay for such services from the funds of the receivership estate[.]**

(Order Appt. Receiver, 9/22/06, p. 4, ¶ 6.) This order also established Lazear's rate of pay at $300 per hour and permitted him to "utilize other members, associates and employees of his firm, Lazear Capital Partners, Ltd., to assist him in his duties and they shall be compensated at their respective customary hourly rates[.]" (id. at p. 4, ¶ 7.)

{¶4} On September 27, 2006, Semco and the Furmans (collectively referred to hereinafter as "Semco") filed a motion to set aside the order appointing the receiver. A hearing on the motion was held on October 30, 2006, and seven witnesses were presented before the trial court. On November 1, 2006, the trial court issued an order and judgment entry denying the motion and declaring that "the Receiver shall remain in place pursuant to the Court's Order Appointing Receiver entered on September 22, 2006 until further order of the Court."

{¶5} In November of 2006, Semco was able to obtain new financing and satisfied its judgment with National City Bank. Once this was accomplished, Lazear returned custody and control of Semco's assets. On December 1, 2006, Semco filed a motion for Lazear to remit the fees that he paid himself and his associates from Semco's assets and requested leave to pursue Lazear for damages

and an accounting. In this motion, Semco alleged that the receiver's fees were excessive. The trial court then set a briefing schedule for this issue. On December 13, 2006, National City Bank and Lazear filed a motion to extend the briefing schedule, citing as their reasons the need for them to depose witnesses and to obtain and analyze extensive documentation regarding Semco's business operations in order to fully respond to Semco's motion to remit fees and for leave to pursue the receiver for damages. This extension was granted. A second extension was requested, this time on behalf of all of the parties due to a desire for additional discovery on the matter. This extension was also granted.

{¶6} Prior to the briefing of this issue, Semco filed a motion to disqualify counsel for National City Bank and Lazear based upon a conflict of interest as the same attorneys represented both the bank and Lazear. Lazear responded to this motion on March 26, 2007. Semco sought leave to file a reply to Lazear's response. Lazear filed a memorandum in opposition to this request, but the trial court granted Semco's request to file a reply. Semco then filed a reply to the bank's and Lazear's response. On October 11, 2007, the trial court overruled Semco's motion to disqualify counsel for Lazear and gave Lazear until October 29, 2007, to file a response to Semco's motion to remit fees.

{¶7} Lazear filed a third request to extend the briefing schedule on the issue of the remittance of fees. This request was granted, but an additional request

to extend the briefing schedule was later made by all of the parties, which was also granted. On February 22, 2008, Semco filed an amendment to its original motion and deleted the portion of the motion seeking leave to pursue the receiver for damages.[1] On July 15, 2008, Semco filed a memorandum in support of its motion, and Lazear responded by filing a motion in opposition and filing a motion for three orders: (1) approving his compensation, (2) approving his inventory and final report, and (3) discharging, terminating, and prohibiting actions against him and his agents without leave of court.

{¶8} On January 20, 2009, the trial court issued a judgment entry finding that the fees Lazear and his associates had charged of $300 per hour for each of them were not reasonable, and as a result, the trial court reduced Lazear's compensation as receiver to $150 per hour and his associates' compensation to $75 per hour, resulting in a total compensation of $28,698.31. Accordingly, the trial court ordered Lazear to return $75,110.81 to Semco.

{¶9} Lazear appealed this judgment to this Court. See *Nat'l. City Bank v. Semco, Inc.*, 183 Ohio App.3d 229, 2009-Ohio-3319, 916 N.E.2d 857 ("*Semco I*"). In *Semco I*, we held that the trial court abused its discretion when it reduced the amount of Lazear's compensation to $150 per hour when its original order set

---

[1] This amendment specifically reserved the right of Semco to further pursue the deleted portion in the future but noted that it was amending the original motion "[f]or the purpose of narrowing the issues in this case and allowing these proceedings to move to a more expeditious and less costly conclusion[.]"

Lazear's compensation at $300 per hour, this amount was not objected to by the parties, and "the trial court failed to give sufficient reasons for utilizing its discretion and departing from its originally prescribed hourly rate[.]" *Id*. at ¶¶ 10-11. However, we affirmed the trial court's decision to reduce the hourly rate charged by Lazear for his associates' time from $300 per hour to $75 per hour, finding that the issues we found with the reduction in Lazear's rate did not exist with respect to his associates. *Id*. at ¶ 13. As a result, we remanded the matter to the trial court to re-calculate the amount of compensation based upon an hourly rate for Lazear's services of $300 per hour. *Id*. at ¶¶ 12, 16.

{¶10} We issued our decision in *Semco I*, on July 6, 2009. On September 16, 2009, the trial court assigned the case for a conference in October. On November 24, 2009, Lazear filed an application for the approval of fees and expenses of his counsel. In support of this application, Lazear cited to page 4, ¶ 6 of the trial court's September 22, 2006 order appointing him as the receiver and granting him certain powers and responsibilities. Additionally, Lazear attached invoices from three different law firms, totaling $115,833.62: (1) Bailey Cavalieri, LLC, in the amount of $101,188.25; (2) Bartram & Bartram, in the amount of $1,913.22; and (3) Baker & Hostetler, LLP, in the amount of $12,732.15. Thereafter, Semco filed a motion for a hearing on the issue of attorneys' fees and a

response to the application for the approval of attorneys' fees on December 15, 2009. Lazear then filed a reply to Semco's response.

{¶11} On February 3, 2010, a hearing was held on the application for attorneys' fees. At this hearing, neither side presented any evidence. Rather, Yvette Cox, an attorney with Bailey Cavalieri, LLC, who represented Lazear through much of this litigation, made a professional representation to the trial court that the exhibits attached to the application for attorneys' fees regarding Bailey Cavalieri, LLC, were kept in the ordinary course of business and were true, correct, and complete. She also submitted the affidavit of Gregory Flax, an attorney with Baker & Hostetler LLP, who represented Lazear during the appeal in *Semco I*, who attested that the exhibits attached to Lazear's application for attorneys' fees were true and accurate copies of his firm's invoices for services rendered in connection with its representation of Lazear, that these invoices reflected the actual and necessary work performed by his firm in its representation of Lazear, and that the rates reflected in those invoices were the usual and customary rates charged by his firm for those services.[2] Counsel for Lazear also

---

[2] At the hearing, counsel for Lazear stated "before the Court today is the Affidavit of Gregory R. Flax who is with the law firm of Baker and Hostettler out of the Columbus office. That law firm handled representation of the receiver during the receiver's appeal of the fee order." (Attorneys' Fees Hrg., 2/3/10, p. 2.) However, the trial court record does not contain any such affidavit. Gregory Flax's affidavit, dated February 1, 2010, was provided to this Court as Exhibit G in Lazear's second volume of his appendix to his appellate brief. Notably, at the hearing, neither the trial court nor counsel for Semco disputed Lazear's counsel's representation that the trial court had this affidavit before it. Further, Semco has not disputed in its original brief or reply brief to this Court that this affidavit was before the trial court at the time of the hearing. Thus, we will consider this affidavit for purposes of this appeal but caution parties in the future to ensure that any records that they may want this Court to consider are properly made a part of the record.

made the professional representation that the exhibits attached to the application regarding the fees of Attorney John Bartram of Bartram & Bartram, who served as local counsel for Lazear, fairly and accurately represented the time that he expended as co-counsel for Lazear.[3]

{¶12} At the conclusion of counsel's representations, counsel for Semco made a motion to the court to dismiss the application because Lazear was not present and presented no evidence in support of his application. Counsel then proceeded to provide oral arguments as to why the application for fees should be denied. After counsel for both sides were given the further opportunity to present arguments in support of their respective positions, the trial court took the matter under advisement.

{¶13} On May 14, 2010, the trial court issued its decision on the matter of the re-calculation of Lazear's compensation as receiver and the issue of attorneys' fees. The trial court found that the total amount of compensation to Lazear Capital Partners Ltd. should have been $33,385.81, which resulted in a credit balance due to Semco of $70,423.31.

{¶14} The trial court further found that "some compensation to the three law firms connected with the receiver's representation is in order." (Judg. Ent., 5/14/10, p. 2.) The trial court noted that it had no independent testimony from a

---

[3] Mr. Bartram was also present at this hearing but did not provide any testimony or professional statement to the court.

disinterested practicing attorney that the amount of hours and hourly rates charged were reasonable and necessary under the circumstances. Thus, the court concluded that it was "left to its own calculation of a reasonable number of hours for the work involved as well as the hourly rate." (id.) The court then determined that the rate of $175 charged by Mr. Bartram was an average and "somewhat prevailing rate among local attorneys." The trial court found that the total requested by Bartram & Bartram was reasonable and granted the request. The court further found that the number of hours expended by Baker & Hostetler, LLP, for its appellate work was reasonable but that the rate was to be calculated at $175 per hour, for a total amount of fees and expenses of $9,180.90.[4] Lastly, the trial court determined that "in the absence of some independent testimony from a disinterested witness" the nearly 400 hours expended by the firm of Bailey Cavalieri, LLC, listed in its invoices was excessive but that the firm should be compensated for 300 hours of work at a rate of $175 per hour rather than the $220-$465 per hour reflected in those invoices, for a total amount of fees and expenses of $54,832.75. (id. at p. 3.) In light of these findings, the trial court determined that the total due to the attorneys for Lazear was $65,926.87. The court then offset

---

[4] Notably, the invoices submitted by Baker & Hostetler LLP did not provide an hourly rate for the services rendered by a particular attorney. Rather, the invoices listed the number of hours expended for various time periods by a particular attorney and an aggregate fee total for the relevant time period. These invoices did, however, itemize the firm's expenses and separated these amounts from the attorneys' fees.

that amount from the total owed to Semco by Lazear and ordered that Lazear reimburse Semco $4,496.44.

{¶15} Semco now appeals raising two assignments of error for our review. As these assignments of error are interrelated, we elect to address them together.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING ATTORNEY FEES WHEN THE FEES WERE ALLEGEDLY INCURRED BY THE RECEIVER FOR HIS OWN PERSONAL INTERESTS AND WERE NOT INCURRED FOR THE BENEFIT OF PRESERVING OR PROTECTING THE RECEIVERSHIP ESTATE.**

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING ATTORNEY FEES ABSENT ANY EVIDENCE OF THE REASONABLENESS AND NECESSITY OF THE FEES, INCLUDING ANY EVIDENCE OFFERED BY AFFIDAVIT OR EXPERT TESTIMONY.**

{¶16} In its two assignments of error, Semco asserts that the trial court erred in awarding attorneys' fees because (1) the fees were not incurred for the benefit of preserving or protecting the receivership estate but were incurred for the personal interest of the receiver;[5] and (2) Lazear failed to present any evidence or

---

[5] In his brief to this Court, Lazear asserts that Semco failed to raise this issue to the trial court. However, upon reviewing the record, including the transcript of the hearing in this matter, we disagree. Although Semco did not state this issue in precisely the same terms as it did in its brief to this Court, Semco continuously maintained that Lazear engaged counsel after the receivership was completed and to defend his actions that went beyond the scope of the receivership. We find that this sufficiently raised the issue of whether legal fees were incurred to benefit the receivership estate or for Lazear's personal interests.

the affidavit required by Marion County Local Rule 11.07 to show the reasonableness or necessity of the requested fees.

{¶17} As we noted in *Semco I*, "[t]he primary purpose of a receiver is to carry out the orders of the respective appointing court, which has the power 'to exercise its sound discretion to limit or expand a receiver's powers as it deems appropriate.'" *Semco*, 2009-Ohio-3319, at ¶ 8, quoting *State ex rel. Celebrezze v. Gibbs* (1991), 60 Ohio St.3d 69, 74, 573 N.E.2d 62. Accordingly, "a reviewing court must not disturb a trial court's judgment with regard to receivers absent an abuse of discretion." *Id.* An abuse of discretion is more than an error of law; rather, it suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. After a review of the record and based on the circumstances of this case, we find that the trial court abused its discretion in awarding Lazear's attorneys' fees.

{¶18} First, Lazear's reliance upon the portion of the trial court's order appointing him receiver that states he may engage the services of legal counsel is misplaced. Lazear correctly notes that he was given the power to engage the services of legal counsel, if necessary, without further application to the trial court and that upon application to and approval by the trial court, Lazear could pay for such services from the funds of the receivership estate. However, this power must

be put into context. More specifically, this power is granted in conjunction with the power to institute ancillary proceedings as are necessary to preserve and protect the receivership estate. Thus, the power to engage the services of legal counsel was given to Lazear as an aid to assist him in preserving and protecting the receivership estate.

{¶19} There is no dispute that the receivership was of a very short duration, the assets of the estate having been returned to Semco in less than two months.[6] Likewise, the parties agree that Lazear did not engage the services of counsel during the time of the receivership because he did not believe such services were necessary. In fact, during the hearing on the matter of attorneys' fees, counsel for Lazear stated that Lazear "had no intent of engaging counsel in this case until December 1, 2006, after the assets had been returned to Semco." (Attorneys' Fees Hrg., 2/3/10, p. 3.) Lazear engaged the services of counsel when Semco filed its motion to remit the receiver's fees and to pursue damages and an accounting from the receiver. Thus, Lazear presented no evidence that legal counsel was obtained to assist him in preserving and protecting the receivership estate. To the contrary, the record demonstrates that counsel was obtained to assist in preserving and protecting Lazear's private interests.

---

[6] During the hearing on Lazear's application for the approval of attorneys' fees and expenses, counsel for Lazear stated that the receivership "was concluded in – what I think it's probably a record, 52 days." (Attorneys' Fees Hrg., 2/3/10, p. 2.)

{¶20} Nevertheless, Lazear asserts that much of the cost associated with his representation involved the allegations by Semco that he engaged in some sort of wrongdoing while acting as receiver rather than whether he properly charged $300 per hour for his and his associates' services. Thus, Lazear maintains that the fees were a necessary part of the receivership. Once again, we disagree.

{¶21} "[T]he general test of the obligation [*sic*] of a court to pay counsel for a receiver is that the services to be performed are necessary to produce, preserve or protect a fund which has, or may be, brought into the hands of the receiver and that such payment is to the interest of the receivership." *Liberty Folder Co. v. Anderson* (1949), 55 Ohio Law Abs. 268, 89 N.E.2d 500, 501. The allegations of possible wrongdoing were against Lazear personally and had nothing to do with him protecting and preserving the receivership estate. If anything, these allegations were that he did *not* protect and preserve the receivership estate, which was the purpose of his appointment.

{¶22} Furthermore, the descriptions provided in the invoices of Bailey Cavalieri, LLC, do not specify what time was spent on which issue, i.e., the issue of fees or the issue of wrongdoing, and the trial court made no such distinction in its award of attorneys' fees. Semco also withdrew the portion of its motion related to pursuing a damages claim against Lazear for possible wrongdoing on February 22, 2008, yet numerous hours and thousands of dollars in legal fees were charged

by Bailey Cavalieri, LLC, long after this date. Therefore, even if we were to find that the hours charged by the attorneys in providing legal services to Lazear in regards to the actions he took as a receiver were properly considered expenses of the receivership, which we expressly decline to do, any representation that was provided after this portion of the motion was withdrawn were not properly considered expenses of the receivership.

{¶23} As to the fees of Baker & Hostetler, LLP, its representation of Lazear was limited solely to the appeal of the trial court's decision to reduce the hourly rate charged by Lazear and his associates and in no way involved allegations of wrongdoing. This portion of the litigation was entirely for the pecuniary benefit of Lazear and his associates, not for the preservation and protection of the receivership estate. Accordingly, an award of attorneys' fees for this representation was improper.

{¶24} The same is true for much of Bartram & Bartram's representation. In particular, of the ten dates of activity provided in the first invoice, seven of them occurred after Semco withdrew the portion of its motion regarding its request for leave to pursue Lazear for damages. In addition, this invoice does not provide the name of the client for whom services were rendered, does not specify the amount of time expended on each item of activity, and does not differentiate between the issue of receiver's fees and the allegations of wrong doing. Further,

the second invoice for Bartram & Bartram's fees are wholly for activities relating to the appeal of the trial court's January 2009 judgment on the remittance of fees. As with the first invoice, this invoice does not provide the name of the client and does not specify the amount of time expended on each activity. In fact, one description of activity simply states, "[n]umerous telephone conferences between February 2, 2009 and February 18, 2009[,]" and does not break those down into any amounts of time. Thus, there is nothing in the record to evidence that these charges were properly assessed to the receivership estate because they were incurred for its protection or preservation.

{¶25} In short, the trial court had no evidence before it to conclude that the services performed by counsel were necessary to produce, preserve, or protect a fund brought into the hands of the receiver or that payment of counsel's fees was to the interest of the receivership estate. Rather, the record reflects that these services were for the personal benefit of Lazear and his associates.

{¶26} Second, Ohio adheres to the "American Rule," which "requires that each party involved in litigation pay his or her own attorney fees in most circumstances." *McConnell v. Hunt Sports Ent.* (1999), 132 Ohio App.3d 657, 699, 725 N.E.2d 1193; *Sorin v. Bd. of Edn. of Warrensville Hts. School Dist.* (1976), 46 Ohio St.2d 177, 179, 347 N.E.2d 527. Because these fees were not incurred for the protection or preservation of the receivership estate but for the

personal interests of Lazear and his associates and, hence, were not properly assessed as an expense of the receivership, in order to otherwise award attorneys' fees, the court had to rely upon "statutory authorization or upon a finding of conduct which amounts to bad faith." *Vance v. Roedersheimer*, 64 Ohio St.3d 552, 556, 1992-Ohio-24, 597 N.E.2d 153, citing e.g., *Sorin,* supra; *State ex rel. Durkin v. Ungaro* (1988), 39 Ohio St.3d 191, 529 N.E.2d 1268.

**{¶27}** Lazear did not provide any statutory authority to the trial court or to this Court for the awarding of attorney's fees. In addition, no evidence was presented to the trial court to establish any bad faith conduct on the part of Semco. To the contrary, the record reveals that Semco challenged the fees charged by Lazear and his associates and requested that Lazear be ordered to return those monies to Semco. The trial court agreed with Semco and ordered the return of $75,110.81 to Semco. While this Court ultimately concluded that the trial court erred in reducing Lazear's rate, we affirmed the trial court's decision setting Lazear's associates' rates at $75 per hour and ordering the return of the extra $225 per hour that Lazear originally took from Semco. The end result of this litigation was a determination that Lazear Capital Partners Ltd. owed Semco $70,423.31. Thus, Semco largely prevailed in its pursuit to have funds returned to it and the trial court could not have concluded that Semco acted in bad faith in challenging the fees retained by Lazear. In the absence of statutory authority or a finding of

bad faith on the part of Semco, the trial court had no authority to award attorney's fees.

{¶28} Third, even assuming arguendo that the fees were incurred to protect or preserve the receivership estate or that there was some other authority for the trial court to award attorney's fees, the trial court had no evidence before it to determine whether the time spent was reasonable or whether the hourly rate charged by each firm was reasonable.

{¶29} Attorney fees in all matters are governed by the Rules of Professional Conduct, which provides:

> **(a)  A lawyer shall not make an agreement for, charge, or collect an *illegal* or clearly excessive fee. A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. The factors to be considered in determining the reasonableness of a fee include the following:**
>
> **(1)  the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;**
>
> **(2)  the likelihood, if apparent to the client that the acceptance of the particular employment will preclude other employment by the lawyer;**
>
> **(3)  the fee customarily charged in the locality for similar legal services;**
>
> **(4)  the amount involved and the results obtained;**
>
> **(5)  the time limitations imposed by the client or by the circumstances;**

**(6)  the nature and length of the professional relationship with the client;**

**(7)  the experience, reputation, and ability of the lawyer or lawyers performing the services;**

**(8)  whether the fee is fixed or contingent.**

Prof. Cond. R. 1.5.

{¶30} As previously noted, the trial court expressly stated that no independent evidence from a disinterested attorney was given regarding the reasonableness of the amount of hours spent and the hourly rate charged.  Instead, the court was "left to its own calculation" and its own experience as to the prevailing rate.  The court then examined the exhibits attached to the application for fees and determined that the time spent by two of the firms was reasonable but that approximately 100 hours expended by Bailey Cavalieri, LLC, were not reasonable.  The court also determined that $175 was a reasonable hourly rate.  In so doing, the court made no reference to Prof. Cond. R. 1.5 or to any of the factors listed therein.  Absent any evidence regarding the reasonableness of the hours expended and the reasonableness of the hourly rate, we find such determinations were arbitrary.

{¶31} More specifically, regarding the invoices of Bailey Cavalieri, LLC, no affidavit was provided regarding the reasonableness of any of these hours, no testimony was provided regarding the reasonableness of any of these hours, and

counsel's professional statement did not address the reasonableness of any of these hours. Her statements were simply that the invoices were kept in the ordinary course of business and that they were true, correct, and complete. Thus, the trial court had no evidence before it to properly determine whether the fees that it awarded were reasonable.

{¶32} In regards to the fees of Bartram & Bartram, the exhibit attached to the application for fees lists dates and provides a brief description of activity that was conducted on a particular date. However, there is no indication of the time expended on a particular activity. The first invoice simply provides a total number of hours of 9.5 at the end of the itemization of activities, and the second invoice provides a total number of hours of 2.25. Further, no evidence was presented regarding the reasonableness of these hours as counsel for Bailey Cavalieri, LLC, only stated in her professional representation that the exhibit "fairly and accurately represents the time that he expended on this matter as co-counsel for the receiver in this case." (Attorneys' Fees Hrg., 2/3/10, p. 6.) Therefore, there was no evidence upon which the trial court could properly determine the amount of fees, if any, to award this firm.

{¶33} The firm of Baker & Hostetler, LLP, provided an affidavit in support of its fees that indicated that the invoices reflected the "actual and necessary work" performed by it in its representation of Lazear. However, there is no

mention of the reasonableness of these fees or any information as to the relevant factors of Prof. Cond. R. 1.5. In addition, this affidavit is not of a disinterested person but is the self-serving affidavit of a person who was not present at the hearing for cross-examination. Thus, the trial court had no evidence upon which to award attorney's fees to this firm.

{¶34} In sum, we find that the services rendered by legal counsel were not for the protection and preservation of the receivership estate. We further conclude that there was no separate statutory authority for the award of attorneys' fees and there was no evidence before the trial court for it to find that Semco acted in bad faith, which could support an award of attorneys' fees. In addition, even if the fees were incurred for the protection and preservation of the receivership, the trial court did not have the necessary evidence before it to conclude that the time expended and the fees assessed were reasonable in accordance with Prof. Cond. R. 1.5. Moreover, given the results of the litigation regarding the remittance of the fees withheld by Lazear, we find that to have the amount of this remittance nearly consumed in its entirety by the legal fees of the person against whom Semco had to litigate in order to recoup its monies, as well as the fact that Semco certainly had to pay for its own legal counsel, is simply unconscionable. Therefore, we conclude that the trial court abused its discretion in deducting the amount of Lazear's attorneys' fees from the amount it ordered Lazear to reimburse Semco.

**{¶35}** For all of these reasons, the assignments of error are sustained.

**{¶36}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, P.J., and WILLAMOWSKI, J., concur.**

**/jlr**