[Cite as *Clarkwestern Dietrich Bldg. Sys., L.L.C. v. Certified Steel Stud Assn., Inc.*, 2020-Ohio-1431.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| CLARKWESTERN DIETRICH BUILDING SYSTEMS, LLC dba CLARKDIETRICH, | : | |
| | : | CASE NO. CA2019-09-151 |
| Appellee, | : | |
| | : | O P I N I O N |
| | | 4/13/2020 |
| - vs - | : | |
| | : | |
| CERTIFIED STEEL STUD ASSOCIATION, INC., et al., | : | |
| | : | |
| Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2013-10-2809

Frost Brown Todd LLC, Matthew C. Blickensderfer, Simon Y. Svirnovskiy, 3300 Great American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202; Cohen & Grigsby, P.C., Anthony Cillo, Fridrikh V. Shrayber, 625 Liberty Avenue, Pittsburgh, Pennsylvania, 15222, for appellee

Faruki PLL, D. Jeffrey Ireland, Stephen A. Weigand, Jason W. Palmer, 201 East Fifth Street, Suite 1420, Cincinnati, Ohio 45202, for appellant

Millikin & Fitton Law Firm, Steven A. Tooman, 9032 Union Centre Boulevard, Suite 200, West Chester, Ohio 45069; Helmer, Martins, Rice & Popham Co., L.P.A., James B. Helmer, Jr., Robert M. Rice, Jennifer L. Lambert, B. Nathaniel Garrett, 600 Vine Street, Suite 2704, Cincinnati, Ohio 45202, for John J. Reister, Receiver

**HENDRICKSON, P.J.**

{¶ 1}   Appellant, Certified Steel Stud Association, Inc. ("the Association"), appeals the decision of the Butler County Court of Common Pleas distributing settlement proceeds to appellee, Clarkwestern Dietrich Building Systems, LLC, DBA ClarkDietrich ("ClarkDietrich").  For the reasons set forth below, we affirm the trial court's decision.[1]

{¶ 2}   In 2015, ClarkDietrich brought claims against the Association for violations of the Ohio Deceptive Trade Practices Act, unfair competition, disparagement, defamation, and civil conspiracy.  After an 11-week jury trial, ClarkDietrich offered to dismiss its claims against the Association with prejudice on the eve of closing arguments.  The Association refused the settlement.  ClarkDietrich then moved to dismiss its claims against the Association with prejudice, which was opposed by the Association and denied by the trial court.  The jury returned a unanimous verdict in favor of ClarkDietrich, awarding the company $49.5 million, $43 million of which was apportioned to the Association.  The trial court subsequently entered a judgment against the Association in the amount of $43 million. The Association stipulated it has insufficient tangible assets to satisfy the judgment.

{¶ 3}   Thereafter, ClarkDietrich moved the trial court for an assignment of the Association's possible breach of fiduciary duty claim against its officers, directors, and agents, based on their decisions to decline ClarkDietrich's offer to dismiss by stipulation, oppose ClarkDietrich's motion to dismiss, and proceed with the case through the jury determination.  The trial court held a hearing on the matter, and at the suggestion of the trial court, ClarkDietrich withdrew its motion for assignment and filed a motion for the appointment of a receiver.  On March 29, 2017, over the Association's objection, the trial court appointed a receiver, John Reister ("the Receiver"), "to investigate and, if he

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

determine[d] it to be appropriate, bring, prosecute, and manage claims against [the Association's] officers, directors and agents arising from the decisions to reject ClarkDietrich's settlement offer and oppose ClarkDietrich's motion to dismiss." The trial court further stated: "The appointment of a receiver is necessary to give ClarkDietrich an opportunity to collect its judgment. If a receiver is not appointed, claims that could fund the judgment may well lapse." This court upheld the trial court's decision to appoint a receiver to investigate and prosecute such claims. *Clarkwestern Dietrich Bldg. Sys., L.L.C. v. Certified Steel Stud Assn., Inc.*, 12th Dist. Butler No. CA2017-04-040, 2017-Ohio-8129.

{¶ 4} After his appointment, the Receiver filed a complaint against the four directors of the Association, alleging that the directors breached their fiduciary duty to the Association by rejecting the settlement offer, and further sought a declaration that the directors' decisions were not protected by the business judgment rule. In response, two of the directors, William Gardner and Edward Slish, filed counterclaims, alleging that they were entitled to indemnification from the Association. Thereafter, the Receiver and one of the directors, Thomas Porter, reached a settlement which was approved by the trial court. After the settlement was approved, ClarkDietrich moved the trial court to distribute the settlement proceeds to ClarkDietrich. The Association filed a memorandum in opposition to ClarkDietrich's motion, wherein it argued the trial court should retain any funds recovered by the Receiver because if the directors were successful in defending the Receiver's lawsuit, the Association would have a duty to indemnify the directors. The Association further argued its duty to indemnify would take priority over payment to a general creditor like ClarkDietrich. The trial court granted ClarkDietrich's motion, dismissed the claims against Porter, and ordered the clerk to distribute the funds to ClarkDietrich. Those funds were released to ClarkDietrich 12 days after the court's order.

{¶ 5} Thereafter, the trial court granted summary judgment and judgment on the

pleadings in favor of the three remaining director-defendants and dismissed the directors' counterclaims. The Receiver appealed the trial court's decisions and Gardner filed a cross-appeal. Ultimately, this court affirmed the trial court's decision in all respects. *Reister v. Gardner*, 12th Dist. Butler Nos. CA2019-01-010, CA2019-01-011, and CA2019-01-020, 2019-Ohio-4720.[2]

{¶ 6} After the trial court decided the summary judgment and rendered judgment on the pleadings in favor of the remaining directors, the Receiver and a second director, Henri Jung, reached a settlement. According to the terms of the settlement, Jung would deposit $550,000 with the trial court in exchange for the Receiver dismissing the claims, which were on appeal at the time, brought against him by the Receiver.

{¶ 7} On June 5, 2019, the Receiver moved the trial court to approve the settlement. The following day, before the trial court approved the settlement between the Receiver and Jung, ClarkDietrich moved the trial court to distribute the settlement proceeds to ClarkDietrich. On June 20, 2019, the Association filed a memorandum in opposition to ClarkDietrich's motion to distribute the settlement proceeds to ClarkDietrich. In its memorandum, the Association argued the money paid by Jung in the settlement should be held by the trial court or the Receiver pending further proceedings. The Association claimed that the trial court should hold the proceeds because the Association may have a duty to indemnify its directors. The Association contended its duty to indemnify its directors would take priority over payment to a creditor such as ClarkDietrich. According to the Association, the trial court impliedly considered this possible outcome because it ordered that any recovery by the Receiver should be deposited with the trial court, rather than directly with ClarkDietrich.

---

2. The Receiver and ClarkDietrich appealed our decision, and the matter has been accepted for review by the Ohio Supreme Court. See *03/17/2020 Case Announcements #2*, 2020-Ohio-897.

{¶ 8}   On July 16, 2019, the trial court granted ClarkDietrich's motion to approve the settlement.  In its order the trial court stated the following: "Recovery on these claims will be used to satisfy the outstanding judgment against [the Association] (the result of a 2015 jury verdict in this case) in whole or in part."  The court further indicated the settlement proceeds shall be paid to and deposited with the trial court for further distribution.   The funds were deposited with the trial court on July 26, 2019.

{¶ 9}   On August 8, 2019, the trial court issued a decision and entry granting ClarkDietrich's motion to distribute settlement proceeds.  In doing so, the trial court found that the Association's argument was not supported by statutory or case law and indicated that the receivership was established for the limited purpose of determining if there are claims for breach of fiduciary duty against the Association's directors, and if so, pursuing those claims to give ClarkDietrich an opportunity to collect its judgment.  The trial court further noted that the July 16, 2019 settlement order "specifically provided that 'recovery on these claims will be used to satisfy the outstanding $43 million judgment against [the Association] (the result of a 2015 jury verdict in this case) in whole or in part.'"  Thus, the trial court ordered the clerk to disburse the settlement proceeds to ClarkDietrich.  The funds were disbursed to ClarkDietrich the following day via an escrow deposit refund check.

{¶ 10} The Association now appeals the trial court's decision to distribute the settlement proceeds to ClarkDietrich despite the directors' potential indemnification claims.

{¶ 11} As its sole assignment of error, the Association claims:

{¶ 12} THE COURT ERRED IN RELEASING THE JUNG SETTLEMENT FUNDS TO CLARKDIETRICH.

{¶ 13} As an initial matter, after the Association filed its notice of appeal, ClarkDietrich moved this court for an order dismissing the Association's appeal as moot.  Specifically, ClarkDietrich claims the Association's appeal should be dismissed because it

failed to seek a stay before the settlement funds were distributed to ClarkDietrich. Thus, ClarkDietrich argues that because the funds were distributed and the order was executed, the appeal is moot. We agree.

{¶ 14} Where the trial court rendering judgment has jurisdiction of the subject matter of the action and of the parties, and where fraud has not intervened, and the judgment is voluntarily paid and satisfied, payment puts an end to the controversy and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." *Kevin O'Brien & Assocs. v. Baum*, 10th Dist. No. 03AP-1010, 2004-Ohio-2713, ¶ 7. Thus, a satisfaction of judgment renders an appeal moot where the judgment is voluntarily paid and accepted as satisfaction. *Reliable Credit Assn., Inc. v. SAFA, Inc.*, 12th Dist. Butler No. CA2018-11-223, 2019-Ohio-2492, ¶ 15. This resolves the case and operates to eliminate the right to appeal. *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990), citing *In re Appropriation for Highway Purposes*, 169 Ohio St. 314, 315 (1959). Simply put, the satisfaction of judgment "puts an end to the controversy" previously litigated and takes away the right to appeal or prosecute error. *Krauss v. Kilgore*, 12th Dist. Butler No. CA99-02-031, 1999 Ohio App. LEXIS 3425, *5-6 (July 26, 1999), citing *Blodgett*.

{¶ 15} A party is deemed to have acted voluntarily in satisfying a judgment when the party fails to seek a stay order prior to the judgment being satisfied. *Hagood v. Gail*, 105 Ohio App.3d 780, 790 (11th Dist.1995); see also *Capitol Communications, Inc. v. GBS Corp.*, 10th Dist. Franklin Nos. 10AP-08 and 10AP-09, 2010-Ohio-5964 (dismissing appeal as moot where the appellant failed to obtain a stay of execution of the trial court's judgment and release of the escrowed funds); *Slovak v. Univ. Off-Campus Hous.*, 4th Dist. Athens No. 99 CA 50, 2000 Ohio App. LEXIS 2262 (May 19, 2000) (dismissing appeal as moot because the clerk of courts, not one of the parties, satisfied the judgment by distributing escrowed funds in accordance with the trial court's judgment). If the judgment is satisfied,

the appeal must be dismissed because the issues in the case have become moot. *Weist v. Weigele*, 170 Ohio App.3d 700, 2006-Ohio-5348, ¶ 12 (1st Dist.), citing *Hagood*.

{¶ 16} The Ohio Supreme Court has identified two exceptions to the mootness doctrine. *In re Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12 (1989), paragraph one of the syllabus. Specifically, if an issue is capable of repetition yet evades review or involves a matter of great public or great general interest, the court is vested with jurisdiction to hear the appeal even though the issue raised in the appeal is moot. *Id.*

{¶ 17} In this case, the Association argues its appeal is not moot because it did not voluntarily pay the judgment and sought a stay of the proceedings prior to the distribution of the settlement. With regard to the stay, the Association admits it did not file a motion to stay, but contends it effectively moved for a stay when it opposed ClarkDietrich's motion to distribute the settlement funds and asked the trial court to hold the funds until the Receiver's action against the directors concluded. The Association further contends it had no reason to seek a stay until August 8, 2019, when the trial court granted the motion to distribute the settlement proceeds to ClarkDietrich, and that those funds were released to ClarkDietrich before the Association was on notice of the court's decision. Thus, the Association claims it was deprived of its ability to seek any other relief and believes this court is able to provide meaningful relief. In the alternative, the Association argues that even if its appeal is moot, it is saved by the "capable of repetition, yet evading review" doctrine.

{¶ 18} After reviewing the record, we find the settlement funds were voluntarily disbursed to ClarkDietrich and that the judgment was satisfied. As a result, the Association's claims on appeal are moot. The record reflects the trial court and the Association received notice on June 5, 2019 of the Jung settlement. The following day, ClarkDietrich moved the trial court to distribute the settlement proceeds to ClarkDietrich. On June 20, 2019, the Association filed its memorandum in opposition to ClarkDietrich's

motion wherein the Association raised its claim of priority to the settlement funds. Nearly a month after the Association filed its memorandum, the trial court granted ClarkDietrich's motion to approve the settlement and expressly noted that "[r]ecovery on [the Receiver's] claims will be used to satisfy the outstanding judgment against [the Association] (the result of a 2015 jury verdict in this case) in whole or in part." As a consequence, we find the Association was on notice on July 16, 2019, after it had filed its memorandum in opposition and before the trial court had granted the motion to disburse the funds to ClarkDietrich, that the settlement proceeds would be used to satisfy ClarkDietrich's outstanding judgment against the Association. At that point, the Association was aware that the settlement proceeds would be disbursed to ClarkDietrich, in a manner consistent with the trial court's July 16, 2019 order. We note that the trial court did not issue the order disbursing the funds to ClarkDietrich until August 8, 2019, more than three weeks after it informed the parties that the settlement was approved. Despite this three-week period, the Association failed to take any action to prevent the disbursement to ClarkDietrich and the judgment was satisfied.

{¶ 19} We are also unpersuaded by the Association's argument that its memorandum in opposition to ClarkDietrich's motion to distribute the settlement proceeds is equivalent to moving the trial court to stay the distribution of those funds. That is, we find that merely litigating priority to the funds before disbursement is not equivalent to requesting a stay. *See Capitol Communications., Inc.,* 2010-Ohio-5964 (holding that despite litigation regarding priority to certain escrowed funds, the creditor failed to seek a stay of execution to prevent distribution of the funds and therefore the matter was moot); *Baird v. L.A.D. Holdings, LLC,* 1st Dist. Hamilton Nos. C-160265 and C-160409, 2017-Ohio-2953 (finding an appeal moot where the creditor failed to seek a stay of the trial court's order before the judgment was satisfied and the settlement funds were distributed). As a result, the record reflects the Association never attempted to stay the distribution of the settlement proceeds.

Due to the Association's inaction, we find the satisfaction of the judgment was voluntary, and that any appeal from that judgment is now moot.

{¶ 20} We also find that the Association's appeal is not saved by the "capable of repetition, yet evading review" doctrine. That doctrine is an exception to the general rule against deciding moot issues that applies when: (1) the challenged action is too short in duration to be fully litigated before its expiration, and (2) there is a reasonable expectation that the complaining party will be subjected to the same action in the future. *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, ¶ 5. However, an issue is not capable of repetition, yet evading review simply because it may continue to exist. *Lindeman v. Walker*, 4th Dist. Gallia No. 99CA10, 2000 Ohio App. LEXIS 2386, *6 (May 24, 2000). Rather, if the issue could be reviewed in another case if the party seeks a stay of the court order, then it is does not fall under the exception to the general rule. *Id.*

{¶ 21} Here, there is nothing in the record to suggest that the Association will be subjected to the same action in the future. Specifically, in order to be subjected to the same action for a second time, several events would have to occur before the issue of priority to settlement proceeds and their untimely disbursement could be presented to the court. After reviewing the record, there is no evidence in the record that each of those events will occur in the future or that the trial court will handle any future settlement in the same manner as the Jung settlement at issue. Rather, the record reflects the two settlements that have occurred in this case, the Jung settlement and the Porter settlement, were disbursed after similar events took place, but in varying time frames. Moreover, the issue of priority to any future settlement funds could be reviewed in another case if the Association timely sought a stay of the court order before distribution occurred. Therefore, while it is possible the same action could occur again, it does not fall under the exception simply because this scenario may exist in the future.

{¶ 22} We further note that even if the appeal was not moot, the Association's claim that the trial court erred in releasing the settlement funds to ClarkDietrich because the directors' potential indemnification claims take priority over ClarkDietrich's judgment still fails as the Receiver was not authorized to pay indemnification claims.

{¶ 23} Under Ohio's receivership statutes, the trial court must exercise sound judicial discretion in overseeing a receivership. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 74 (1991). Thus, in receivership actions, "an appellate court will not disturb a trial court's judgment regarding a receiver's powers absent a showing of an abuse of discretion." *Park Natl. Bank v. Cattani, Inc.*, 187 Ohio App.3d 186, 2010-Ohio-1291, ¶ 14 (12th Dist.). An abuse of discretion is more than an error of law; rather, it suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Natl. City Bank v. Semco, Inc.*, 183 Ohio App. 3d 229, 2009-Ohio-3319, ¶ 8 (3rd Dist.); *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 24} In the recent appeal related to the Receiver's claims against the remaining two director-defendants, this court determined that the trial court properly denied the directors' requests for indemnification from the Association because the Receiver's appointment did not authorize the payment of indemnification claims. Specifically, this court stated the following:

> [T]he Receiver was appointed for the limited purposes under R.C. 2739.01 "to investigate and, if he determines it to be appropriate, bring, prosecute, and manage claims against [the Association's] officers, directors and agents arising from the decisions to reject ClarkDietrich's settlement offer and oppose ClarkDietrich's motion to dismiss." Under those terms, the Receiver's appointment was premised on limited authority, *none of which involves the authorization to pay indemnification claims*.

*Reister*, 2019-Ohio-4720, ¶ 32. (Emphasis added.)

{¶ 25} The trial court rejected the Association's claim of priority to the settlement

funds for similar reasoning. In its decision, the trial court noted the following:

> The receivership was established for the limited purpose of determining if there are claims for breach of fiduciary duty against the [Association's] directors, and if so, pursuing those claims "to give ClarkDietrich an opportunity to collect its judgment." * * * Moreover, the [July 16, 2019] [s]ettlement [o]rder specifically provided that "recovery on these claims will be used to satisfy the outstanding $43 million judgment against [the Association] * * * in whole or in part."

In light of our prior holding regarding the Receiver's inability to pay indemnification claims, which remains law of the case, the trial court did not abuse its discretion in distributing the settlement funds to ClarkDietrich on the same basis. Specifically, as the trial court found, the receivership order is clear that the Receiver was appointed with the limited purpose of investigating claims against the Association's directors, and to "bring, prosecute, and manage" those claims if appropriate. As we previously held, that limited authority does not involve the authorization to pay indemnification claims to the directors. Thus, given the limited purpose of the receivership, the trial court did not err in disbursing the settlement funds to ClarkDietrich. Any decision otherwise would have been contrary to the trial court's intended purpose in creating the receivership and inconsistent with the plain language of the receivership order.

{¶ 26} Furthermore, the claims against the directors remain pending before the Ohio Supreme Court. Thus, any right to indemnification, and the filing of any such claims against the Association, is merely speculative at this point. However, even if the remaining directors are successful in any indemnity claims against the Association, the Association remains operating and could indemnify the directors with alternate funds. Thus, even if the Association's appeal was not moot, the trial court did not abuse its discretion in declining to hold the funds until the Receiver's claims against the remaining two directors are resolved.

{¶ 27} In light of the foregoing, we find no error in the trial court's decision to release

the settlement funds to ClarkDietrich. Accordingly, the Association's assignment of error is overruled.

{¶ 28} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.

**PIPER, J., concurring separately.**

{¶ 29} As correctly stated by the lead opinion, a satisfaction of a judgment renders an appeal moot where the judgment is paid and accepted as satisfaction. However, I view the consequences of Jung's settlement slightly different than our lead opinion for two reasons. First, the judgment here was *not* satisfied, and the litigation remained ongoing between the Receiver and those remaining parties not dismissed by the settlement. The controversy between Jung and the Receiver was the only controversy resolved by the settlement agreement, thereby ending only Jung's right to any further appeal.[3] Second, there is no procedural rule or statutory law that requires a party to seek a stay order prior to a disbursement of funds in order to maintain appellate rights regarding that disbursement.

{¶ 30} However, like our lead opinion, I find that the trial court properly granted the motion to disburse because the Receiver had no authority to pay indemnification claims on behalf of other directors. The Receiver's authority was specifically limited to determining if there was a breach of fiduciary duty by the directors and applying any funds recovered toward the judgment. *See State ex rel. Celebrezze*, 60 Ohio St.3d 69 (1991). The court was within its discretion to disburse the money the Receiver pursued through a settlement

---

3. One party's dismissal from litigation as a result of a settlement calling for a payment is not a satisfaction of the judgment; it is merely a condition of the settlement agreement permitting that party to be dismissed. The litigation as to other parties still exists as does the judgment.

toward the judgment because collection and disbursement was the limited reason the trial court appointed a receiver.

{¶ 31} Despite my slightly different path, I arrive at the same result as the lead opinion. The Receiver clearly had no authority to pay indemnification requests from the Association or its directors so that the trial court acted fully within its authority and discretion in permitting the Receiver to release settlement proceeds to ClarkDietrich.[4] The Association argued for payment to certain directors as a priority rather than seeking a stay of the disbursement. This alone does not render the Association's argument moot, but rather, it is meritless. The funds recovered by the Receiver were for the purpose of applying those funds toward the judgment and the trial court did not abuse its discretion in authorizing the Receiver to do so. Jung's settlement became an apple that once peeled, the Association cannot unpeel. Therefore, I concur with my colleagues in affirming the trial court's judgment.

---

4. Contrary to the Association's claim, the trial court had no responsibility to hold the settlement proceeds. The Association attempts to relitigate the purpose of the Receiver's appointment, an issue this court has previously ruled upon.