KOSTA, Appellee,

v.

OHIO OUTDOOR ADVERTISING CORPORATION, Appellant.

[Cite as *Kosta v. Ohio Outdoor Advertising Corp.* (1995), 103 Ohio App.3d 361.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 94–A–0046.

Decided May 1, 1995.

*McClaughlin, McNally & Carlin* and *John A. McNally III,* for appellee.

*Porter, Wright, Morris & Arthur* and *Terrance L. Ryan,* for appellant.

---

NADER, Judge.

This is an appeal from a judgment entered in the Ashtabula County Court of Common Pleas which denied a request for attorney fees.

Appellee, William Kosta, filed a complaint against appellant, Ohio Outdoor Advertising Corporation, on January 30, 1991. The complaint states that appellee was a salesperson employed by appellant and that appellant failed to pay sales commissions which became due following appellee's termination. The first count of the complaint asserts a claim under R.C. 1335.11. The second count presents a common law claim for breach of contract.

The trial court granted appellant's motion for summary judgment on March 25, 1992. This court affirmed. *Kosta v. Ohio Outdoor Advertising Corp.* (Dec. 11, 1992), Ashtabula App. No. 92-A-1704, unreported, 1992 WL 367027. The Supreme Court of Ohio overruled a motion to certify. *Kosta v. Ohio Outdoor Advertising Corp.* (1993), 66 Ohio St.3d 1484, 612 N.E.2d 1241.

Appellant thereafter filed a motion for the recovery of attorney fees under R.C. 1335.11(D) and 2323.51(A)(2)(b). The trial court overruled the motion on July 14, 1994.

■ Appellant advances one assignment of error:

"The court erred in failing to award attorney fees under mandatory provisions of O.R.C. § 1335.[11]"

R.C. 1335.11(D) states:

"A principal who fails to comply with division (C) of this section or with any contractual provision concerning timely payment of commissions due upon termination of a contract with a sales representative, is liable in a civil action for exemplary damages in an amount not to exceed three times the amount of the commissions owed to the sales representative. The prevailing party in an action brought under this section is entitled to reasonable attorney's fees and court costs."

"Principal" is defined by subdivision (A)(2) as "any person who does not have a permanent or fixed place of business in this state * * *."

In denying appellant's claim for attorney fees under R.C. 1335.11(D), the trial court noted that appellant does have a fixed place of business in this state. However, this fact does not render R.C. 1335.11(D) inapplicable to the case. The

plain language of the statute requires an award of reasonable attorney fees and court costs to "[t]he prevailing party in an action brought under this section." Appellant is clearly the prevailing party in the action. Further, the action is one "brought" under R.C. 1335.11, as one count of the complaint asserts a claim for relief under that provision. It is immaterial that the claim was ultimately dismissed because appellant was found not to be a "principal" and, therefore, the statutory cause of action was not applicable under the facts of the case.

One purpose of subdivision (D) is to provide a penalty by way of damages and reasonable attorney fees against a principal who fails to pay commissions in compliance with subdivision (C) of the statute. Cf. *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 349, 513 N.E.2d 737, 741–742. Subdivision (D) also seeks to deter the assertion of unfounded claims under the statute by providing for the recovery of attorney fees and costs by a defendant who successfully defends the claim.

Accordingly, the assignment of error has merit. We note that an award of attorney fees should be limited to compensate for legal services the trial court finds on remand were reasonable and necessary to defend the statutory claim, and not for services attributable to the defense of the contract claim. *Smith; Horne v. Clemens* (1985), 25 Ohio App.3d 44, 25 OBR 118, 495 N.E.2d 441.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.