[Cite as *Grove v. Gamma Ctr., Inc.*, 2013-Ohio-1734.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY


STACY GROVE,

      PLAINTIFF-APPELLEE,

                                      CASE NO. 9-12-41

      v.

GAMMA CENTER, ET AL.,

      DEFENDANTS-THIRD PARTY
      PLAINTIFFS-APPELLEES,            O P I N I O N

[INDI SINGH, THIRD-PARTY
  DEFENDANT - APPELLANT].


**Appeal from Marion County Common Pleas Court**
**Trial Court No. 08-CV-0248**

**Judgment Reversed and Cause Remanded**

**Date of Decision:   April 29, 2013**


APPEARANCES:

    *John W. Herbert* **for Appellant**

    *J. C. Ratliff, Jon L. Jensen and Jeff Ratliff* **for Appellees,**
        **Sudesh Reddy, M.D. and Parminder Singh, M.D.**

    *Brian S. Sullivan* **for Appellees, Dinsmore & Shohl, LLP and**
        **Jan E. Hensel**

**PRESTON, P.J.**

{¶1} Third party defendant-appellant, Indi Singh, appeals the Marion County Court of Common Pleas' judgment overruling his motions for attorneys' fees and sanctions. Singh argues the trial court erred when it dismissed the motions for attorneys' fees and sanctions, when it failed to hold the third party complaint was frivolous, and when it failed to impose sanctions. For the reasons that follow, we reverse.

{¶2} On March 19, 2008, Stacy Grove filed a complaint against Gamma Center, Inc., Sudesh Reddy, M.D., and Parminder Singh, M.D. (Doc. No. 1). Grove alleged that defendants created a hostile work environment that discriminated against the female employees, that Dr. Reddy and Dr. Singh had sexually harassed her, that Gamma Center failed to take any disciplinary action after she reported the doctors' conduct, and that defendants terminated her employment in retaliation for her sexual harassment complaint. (*Id.*).

{¶3} On April 24, 2008, defendants filed their answer. (Doc. No. 6). Defendants asserted numerous affirmative defenses and denied Grove's assertion that she was entitled to punitive damages and attorneys' fees. (*Id.*).

{¶4} On July 28, 2008, defendants filed a third party complaint against Singh, a Gamma Center shareholder. (Doc. No. 11). Defendants alleged that Singh had failed to inform them that Grove had reported incidents of sexual

harassment, and that Singh was consequently liable for breach of fiduciary duty and negligence. (*Id*.).

{¶5} On September 10, 2008, Singh filed his answer. (Doc. No. 15). Singh asserted a counterclaim alleging he was entitled to indemnification and an advance for his expenses pursuant to Gamma Center's bylaws. (*Id*.). On October 7, 2008, defendants filed their answer to Singh's counterclaim. (Doc. No. 17).

{¶6} On January 20, 2009, Singh amended his answer and counterclaim to assert that defendants had assumed the risk of their conduct. (Doc. No. 24).

{¶7} On February 24, 2009, defendants filed a third party complaint against Sanjeev Verma, another Gamma Center shareholder. (Doc. No. 33). Defendants alleged that Verma also failed to inform them of Grove's sexual harassment report, and that Verma was liable for breach of fiduciary duty, negligence, and breach of contract. (*Id*.).

{¶8} On March 2, 2009, defendants filed an amended third party complaint against Singh. (Doc. No. 34). Defendants included an additional count for breach of contract. (*Id*.).

{¶9} On March 3, 2009, Verma filed his answer. (Doc. No. 36). Verma asserted a counterclaim, alleging that he was also entitled to indemnification and an advance for his expenses pursuant to Gamma Center's bylaws. (*Id*.). On March 11, 2009, the defendants filed their answer to Verma's counterclaim. (Doc.

No. 38). On September 30, 2009, Singh and Verma filed motions for summary judgment. (Doc. Nos. 55, 56).

{¶10} On November 18, 2009, Grove and defendants filed a joint stipulation of dismissal pursuant to Civ.R. 41(B). (Doc. No. 62). The parties stated that they had resolved the matter, and Grove dismissed her claims against defendants. (*Id.*). The stipulation did not resolve the claims defendants had asserted against Singh and Verma, or the counterclaims Singh and Verma had asserted against defendants. (*Id.*).

{¶11} On December 2, 2009, defendants filed their response to Singh and Verma's motions for summary judgment. (Doc. Nos. 65, 66). On December 16, 2009, Verma filed his reply to defendants' response. (Doc. No. 68). On December 18, 2009, Singh filed his reply to defendants' response. (Doc. No. 69).

{¶12} On April 16, 2010, the trial court granted Singh and Verma's motions for summary judgment. (Doc. No. 72). The trial court instructed Singh and Verma to provide a detailed and itemized statement regarding the services their counsel rendered in connection with the third party complaint for the trial court's consideration. (*Id.*).

{¶13} On April 22, 2010, Verma filed an application for attorneys' fees. (Doc. No. 73). On May 17, 2010, Verma filed a motion for sanctions against Dr. Reddy and Dr. Singh. (Doc. No. 74). Verma alleged that the claims were

frivolous, and the trial court should impose sanctions pursuant to R.C. 2323.51(B). (*Id.*). On that same day, Singh filed an application for attorneys' fees and a motion requesting sanctions for the allegedly frivolous conduct of Dr. Reddy and Dr. Singh. (Doc. No. 76).

{¶14} On May 28, 2010, the trial court held a hearing on the applications for attorneys' fees and motions for sanctions. (Doc. No. 77). Following the hearing, the trial court granted defendants permission to file responses to Verma and Singh's applications and motions. (*Id.*). On June 21, 2010, defendants filed their responses to Verma and Singh's applications and motions. (Doc. Nos. 80, 81).

{¶15} On July 12, 2010, Verma and Singh filed a motion requesting Civ.R. 11 sanctions against Dinsmore & Shohl and Hensel, individually, relating to their representation of Gamma Center, Dr. Reddy, and Dr. Singh. (Doc. No. 84). Verma and Singh argued Hensel had filed a frivolous complaint against them, and requested that the trial court order her to pay their attorneys' fees. (*Id.*). On that same day, Verma and Singh also filed their reply to the defendants' responses to their applications for attorneys' fees and motions for sanctions. (Doc. No. 85).

{¶16} On September 15, 2010, Dinsmore & Shohl and Hensel filed their response to Verma and Singh's motion for Civ.R. 11 sanctions. (Doc. No. 89). On October 4, 2010, Verma and Singh filed their reply. (Doc. No. 92).

{¶17} On August 24, 2011, the trial court held a hearing on the pending motions. (Doc. No. 101). During the hearing, Dinsmore & Shohl, Hensel, Dr. Reddy, and Dr. Singh made an oral motion to dismiss Verma and Singh's motion for sanctions. (*Id.*). On September 16, 2011, Verma and Singh filed their response. (Doc. No. 105). Dinsmore & Shohl, Hensel, and the doctors filed their reply on September 30, 2011. (Doc. No.108).

{¶18} On June 12, 2012, the trial court filed its judgment entry. (Doc. No. 111). The trial court sustained the motion to dismiss Verma and Singh's applications for attorneys' fees and motions for sanctions, determining Verma and Singh had failed to "produce testimony from a disinterested witness as to the reasonableness and necessity of the attorneys' fees incurred as a result of this alleged frivolous conduct." (*Id.*).

{¶19} On July 12, 2012, Singh filed a notice of appeal. (Doc. No. 115). Singh now raises three assignments of error for our review.

**Assignment of Error No. I**

**The Trial Court erred when it dismissed Appellant's motions for sanctions pursuant to R.C. §2323.51 and Rule 11, O.R.C.P. because they were not supported by evidence from a disinterested [sic] that the legal services for which he sought compensation were necessary and the fees charged for those services were reasonable.**

{¶20} In his first assignment of error, Singh argues the trial court erred when it dismissed his motions for sanctions because he had failed to support them

with evidence from a disinterested witness. Singh contends that neither R.C. 2323.51 nor Civ.R. 11 require evidence from a disinterested witness before imposing sanctions. Singh further argues this Court has not required such evidence from a disinterested witness and that the trial court misinterpreted this Court's decision in *Natl. City Bank v. Semco*, 3d Dist. No. 9-10-42, 2011-Ohio-172 (*Semco II*).

{¶21} Generally, we review a trial court's decision regarding an award of attorneys' fee for an abuse of discretion. *United Assn. of Journeyman and Apprentices of the Plumbing and Pipe Fitting Industry v. Jack's Heating, Air Condition & Plumbing, Inc.*, 3d Dist. No. 6-12-06, 2013-Ohio-144, ¶ 15, citing *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, in the present case the dispute involves a question of law, which we review de novo. *Patton v. Ditmyer*, 4 Dist. Nos. 05CA12, 05CA21, 05CA22, 2006-Ohio-7107, ¶ 73, citing *Burns v. Henne*, 115 Ohio App.3d 297 (2d Dist. 1996).

{¶22} Singh contends that he is entitled to attorneys' fees and sanctions pursuant to R.C. 2323.51 and Civ.R. 11. R.C. 2323.51(B)(1) provides, "any party adversely affected by frivolous conduct may file a motion for an award of court

costs, reasonable attorneys' fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51(A)(2)(a) defines conduct as frivolous if:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

"'Whether a claim is warranted under existing law is an objective consideration. The test * * * is whether no reasonable lawyer would have brought the action in

light of the existing law. In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim.'" *Patton*, 2006-Ohio-7107, at ¶ 81, quoting *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, ¶ 30 (1st Dist.).

**{¶23}** Civ.R. 11 also permits a party to recover attorneys' fees when an action lacks support. Civ.R. 11 provides:

> The signature of an attorney or *pro se* party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney or *pro se* party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

**{¶24}** Attorneys' fees are governed by the Rules of Professional Conduct. *Semco II*, 2011-Ohio-172, at ¶ 29. Prof.Cond.R. 1.5(a) provides the factors the trial court should consider when determining whether the amount of requested attorneys' fees is reasonable:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the result obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

The party requesting the attorneys' fees has the burden of providing evidence that the hours worked were necessary to the action and that the amount of the fees is reasonable. *Southeast Land Dev., Ltd. v. Primrose Mgt., L.L.C.*, 3d Dist. Nos. 5-10-04, 5-10-11, 2011-Ohio-2341, ¶ 15.

{¶25} In the present case, the trial court relied on this Court's decision in *Semco II* to find that it did not have adequate evidence on which to base an award of attorneys' fees because it did not have independent evidence from a disinterested attorney regarding the amount of hours spent and the hourly rate charged. We disagree with this interpretation of our case law.

{¶26} The case at issue was before this Court twice, first in *Natl. City Bank v. Semco, Inc.*, 183 Ohio App.3d 229, 2009-Ohio-3319 (*Semco I*), and again in *Semco II*. In *Semco I*, the trial court had filed an order appointing a receiver and establishing his rate of pay at $300 per hour. *Semco I* at ¶ 11 . The trial court subsequently issued a judgment entry finding that the fees the receiver and his associates had charged at $300 per hour were unreasonable. *Id.* The trial court reduced the receiver's compensation to $150 per hour and his associates' compensation to $75 per hour. *Id.* at ¶ 9. The trial court ordered the receiver to return $75,110.81 of the fees he had collected. *Id.* at ¶ 5. The receiver appealed the trial court's order, and this Court held that the trial court abused its discretion when it set the receiver's compensation at $300 per hour and then later reduced it to $150 per hour. *Id.* However, this Court affirmed the trial court's decision to reduce the hourly rate of the receiver's associates from $300 to $75 per hour, because the trial court had not previously issued an order setting the associates' rate. *Id.* at ¶ 12-16. This Court remanded the case to the trial court to recalculate

the amount of compensation based upon an hourly rate for the receiver's services at $300 per hour. *Id*.

**{¶27}** On remand, the trial court held a hearing regarding the receiver's application for fees and expenses of his counsel. *Semco II*, 2011-Ohio-172, at ¶ 10-11. The trial court determined that the receiver's attorneys were owed $65,926.87. *Id*. at ¶ 14. On appeal in *Semco II*, Semco argued the fees were not incurred for the benefit of preserving or protecting the receivership estate but were incurred for the personal interest of the receiver and that the receiver failed to present any evidence regarding the reasonableness or necessity of the requested fees. *Id*. at ¶ 16.

**{¶28}** This Court agreed, finding that the receiver did not engage the services of counsel until Semco filed a motion to remit the receiver's fees and to pursue damages and an accounting from the receiver. *Id*. at ¶ 19. Thus, the receiver did not present any evidence that he obtained legal counsel to assist him in preserving and protecting the receivership estate. *Id*. Rather, allegations of possible wrongdoing were against the receiver personally and had nothing to do with protecting and preserving the receivership estate. *Id*. at ¶ 21. This Court found that the attorneys failed to specify what time was spent on the issue of the amount of the receiver's fees versus the issue of the receiver's wrongdoing and that the trial court did not make a distinction between these issues in its award of

attorneys' fees. *Id*. at ¶ 22. This Court noted that many of the invoices failed to provide the name of the client for whom the services were rendered, did not specify the amount of time expended on each item of activity, and also did not distinguish between the issue of receiver's fees and the allegations of wrongdoing. *Id*. at ¶ 24. This Court also determined that the receiver failed to establish any bad faith on Semco's part which would require Semco to pay the receiver's attorneys' fees for litigating the issue of his alleged wrongdoing. *Id*. at ¶ 27.

{¶29} This Court found that even if the fees were incurred to protect or preserve the receivership estate, the trial court did not have the necessary evidence to determine whether the time spent was reasonable or whether the hourly rate charged by each firm was reasonable. *Id*. at ¶ 28. This Court stated:

> As previously noted, the trial court expressly stated that no independent evidence from a disinterested attorney was given regarding the reasonableness of the amount of hours spent and the hourly rate charged. Instead, the court was 'left to its own calculation' and its own experience as to the prevailing rate. The court then examined the exhibits attached to the application for fees and determined that the time spent by two of the firms was reasonable but that approximately 100 hours expended by Bailey Cavalieri, LLC, were not reasonable. The court also determined that

$175 was a reasonable hourly rate. In so doing, the court made no reference to Prof. Cond. R. 1.4 or any of the factors listed therein. Absent any evidence regarding the reasonableness of the hours expended and the reasonableness of the hourly rate, we find such determinations were arbitrary.

*Id*. at ¶ 30. This Court further stated, "regarding the invoices of Baily Cavalieri, LLC, no affidavit was provided regarding the reasonableness of any of these hours, no testimony was provided regarding the reasonableness of these hours, and counsel's professional statement did not address the reasonableness of any of these hours." *Id*. at ¶ 31. This Court noted that while Baker & Hostetler, LLP, provided an affidavit in support of its fees that indicated the invoices reflected the "actual and necessary work" performed, "there is no mention of the reasonableness of these fees or any information as to the relevant factors of Prof. Cond. R. 1.5. In addition, this affidavit is not of a disinterested person but is the self-serving affidavit of a person who was not present at the hearing for cross-examination." *Id*. at ¶ 33.

{¶30} Thus, the receiver's failure to provide a disinterested witness regarding the reasonableness of his attorneys' fees was only one of the reasons why we sustained Semco's assignments of error. The attorneys' fees were also sought for expenses resulting from the receiver's personal litigation rather than

litigation regarding the protection and preservation of the receivership, there was no evidence that Semco acted in bad faith, the attorneys failed to adequately designate the time spent on the issue of attorneys' fees versus the issue of the receiver's alleged wrongdoing, and the attorneys' statements that their fees were actual and necessary were not subject to cross-examination. *Id.* at ¶ 33-34. Consequently, we conclude that *Semco II* does not stand for the proposition that testimony from a disinterested witness regarding the reasonableness of attorneys' fees is required, and that the trial court's reliance on this case was misplaced.

**{¶31}** This Court also recently addressed the issue of attorneys' fees in *Jack's Heating*, 2013-Ohio-144. In that case, we recognized "that merely submitting an attorney's itemized bill is insufficient to establish the reasonableness of the amount of work billed." *Id.* at ¶ 24, citing *Whitaker v. Kear*, 123 Ohio App.3d 413, 424 (4th Dist.1997). This Court acknowledged that "[o]ften, parties offer expert testimony to establish that the hours charged was reasonable in light of the litigation's particular facts." *Jack's Heating* at ¶ 24, citing *Hawkins v. Miller*, 11th Dist. No. 2011-L-036, 2011-Ohio-6005, ¶ 28 and *Whitaker* at 424-425. However, we also stated that "in some matters, the requesting party refrains from offering expert testimony from other individuals to corroborate the attorney's self-serving testimony that the fee request is reasonable." *Jack's Heating* at ¶ 24, citing *Koblenz & Koblenz v. Summers*, 8th Dist. No. 94806, 2011-Ohio-1064, ¶ 14

and *Shottenstein, Zox & Dunn Co., L.P.A. v. Reineke*, 9th Dist. No. 10CA0138-M, 2011-Ohio-6201, ¶ 26-28. Thus, this Court has recognized that testimony from a disinterested person may be the better practice when establishing the reasonableness of attorneys' fees, but we have not gone so far as to hold that this testimony is a threshold requirement in all circumstances. *See Semco II*, 2011-Ohio-172; *Jack's Heating*, 2013-Ohio-144.

**{¶32}** After reviewing the applicable law, this Court disagrees with the trial court's conclusion that Singh cannot prevail on his motions for attorneys' fees solely because he failed to provide evidence from a disinterested witness regarding the amount of hours spent and the hourly rate charged. While we agree that whether Singh provided this evidence may be one part of the analysis, we reverse and remand this case for the trial court's consideration of the remaining factors.

**{¶33}** Singh's first assignment of error is, therefore, sustained.

### Assignment of Error No. II

**The Trial Court erred when it failed to hold the third party complaint was frivolous and sanction third party plaintiffs and their counsel for prosecuting it.**

### Assignment of Error No. III

**The Court erred when it failed to hold that third party plaintiffs' counsel violated Rule 11, O.R.C.P. by prosecuting the third party complaint on behalf of third party plaintiffs.**

{¶34} In his second and third assignments of error, Singh argues the trial court erred when it failed to find that the third party complaint was frivolous and sanction appellees. Singh also argued the trial court erred by failing to hold that Hensel violated Civ.R. 11.

{¶35} The trial court did not reach the issue of whether Hensel's conduct was frivolous and violated Civ.R. 11. Since we agree with Singh that the matter must be reversed for the trial court's consideration of the factors regarding attorneys' fees, including whether Hensel's conduct was frivolous, we need not reach these issues and find them moot pursuant to App.R. 12(A)(1)(c).

{¶36} Singh's second and third assignments of error are moot and, therefore, will not be discussed.

{¶37} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS and SHAW, J.J., concur.**

**/jlr**