[Cite as *Booth v. Copeco, Inc.*, 2019-Ohio-5361.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

John Booth                                        Court of Appeals No. L-19-1062

   Appellant                    Trial Court No. CI0201601241

v.

Copeco, Inc.                                      **DECISION AND JUDGMENT**

   Appellee                     Decided:  December 27, 2019

* * * * *

Mark A. Davis, for appellant.

Thomas W. Connors, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, John Booth, appeals from the March 1, 2019 judgment of the Lucas County Court of Common Pleas awarding appellee, Copeco, Inc., attorney fees of $20,407.20 pursuant to R.C. 1335.11(D).  For the reasons which follow, we affirm in part and reverse in part.

{¶ 2} On appeal, Booth asserts the following assignments of error:

ASSIGNMENT OF ERROR No. 1:

The Trial Court Erred in Awarding Attorney Fees

ASSIGNMENT OF ERROR No. 2:

The Trial Court Erred by Placing the Burden on the Nonmovant to

Prove Reasonableness of Attorney Fees

ASSIGNMENT OF ERROR No. 3:

The Trial Court Erred by Requiring "Authority" as to

Reasonableness of Fees

ASSIGNMENT OF ERROR No. 4:

The Trial Court Erred by Failing to Strike Testimony of a Witness

without Knowledge

ASSIGNMENT OF ERROR No. 5:

The Trial Court Erred in Failing to Allocate Fees Between the

Causes of Action

ASSIGNMENT OF ERROR No. 6:

The Trial Court Erred in Finding *Reasonable* Attorney Fees

ASSIGNMENT OF ERROR No. 7:

The Trial Court Erred by Misinterpreting the Remedial Statute

{¶ 3} Booth sued Copeco, Inc. asserting claims of a breach of a compensation

contract and unjust enrichment regarding a sales commission. Booth sought treble

2.

damages and attorney fees pursuant to R.C. 1335.11(D). The case was dismissed by the trial court after granting summary judgment in favor of Copeco Inc. in 2016, and we affirmed the trial court's decision on appeal, *Booth v. Copeco, Inc.*, 6th Dist. Lucas No. L-16-1227, 2017-Ohio-2897, ¶ 3.

{¶ 4} After the complaint was dismissed, Copeco, Inc. sought attorney fees pursuant to R.C. 1335.11(D). Following a hearing on the matter, the trial court awarded attorney fees to Copeco, Inc. on July 26, 2017. However, the trial court never determined the amount of the fee award until March 1, 2019, when Copeco, Inc. filed a supplement to the motion for attorney fees. In a March 1, 2019 judgment entry, the trial court awarded Copeco, Inc. attorney fees of $20,407.20. Booth appeals.

{¶ 5} R.C. 1335.11(D) provides that "[t]he prevailing party in an action brought under this section is entitled to reasonable attorney's fees and court costs." The party seeking attorney fees must establish the fees were reasonable and necessary and relate solely to the statutory claim. R.C. 1335.11(D); *Cuspide Properties, Ltd. v. Earl Mechanical Services, Inc.*, 6th Dist. Lucas No. L-16-1141, 2017-Ohio-5680, ¶ 12; *Kosta v. Ohio Outdoor Advertising Corp.*, 103 Ohio App.3d 361, 364, 659 N.E.2d 810 (11th Dist.1995). *Compare City of Canton v. Irwin*, 5th Dist. Stark No. 2011CA00029, 2012-Ohio-344, ¶ 12 (applying R.C. 163.09(G)). The moving party must submit the attorney's detailed bill indicating the time expended on each matter. *State ex rel. Harris v. Rubino*, 156 Ohio St.3d 296, 2018-Ohio-5109, 126 N.E.3d 1068, ¶ 5-6. But, the bill alone cannot support a finding of reasonableness. *United Assn. of Journeymen & Apprentices of the*

3.

*Plumbing & Pipe Fitting Industry v. Jack's Heating, Air Conditioning & Plumbing, Inc.*, 3d Dist. Hardin No. 6-12-06, 2013-Ohio-144, ¶ 24; *Whitaker v. Kear,* 123 Ohio App.3d 413, 424, 704 N.E.2d 317 (4th Dist.1997). The reasonableness of both the hours expended and the hourly fee must be proven through the billing attorney's testimony or affidavit and/or independent, unbiased evidence. *United Assn. of Journeymen* at ¶ 24, 28; *Breen v. Total Quality Logistics*, 10th Dist. Franklin No. 16AP-3, 2017-Ohio-439, ¶ 25. While expert evidence is not required to establish that the fees were reasonable and necessary, the lack of independent, expert evidence may impact the weight of the evidence. *Cleveland v. Capitalsource Bank*, 8th Dist. Cuyahoga No. 103231, 2016-Ohio-3172, ¶ 13; *Grove v. Gamma Ctr., Inc.*, 3d Dist. Marion No. 9-12-41, 2013-Ohio-1734, ¶ 31-32.

{¶ 6} The determination of whether to award reasonable attorney fees and the amount is a matter left to the sound discretion of the trial court. *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991), quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91, 491 N.E.2d 345 (12th Dist.1985). However, the court "must base its fee determination upon the evidence" submitted and not its own assessment. *United Assn. of Journeymen* at ¶ 31, quoting *In re Wood's Estate*, 55 Ohio App.2d 67, 75, 379 N.E.2d 256 (10th Dist.1977). *See also Corp. Communication Servs. of Dayton, LLC v. MCI Communications Servs., Inc.*, S.D.Ohio No. 3:08-CV-046, 2012 WL 2006642, *2 (June 5, 2012), citing *Geier v. Sunddquist*, 372

4.

F.3d 784, 791 (6th Cir.2004) (the "court must provide an adequate explanation of the reasons for its award and the manner in which the award was determined").

{¶ 7} The trial court's determination is reviewed under an abuse of discretion standard. *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991). An abuse of discretion involves more than an error of law or judgment. We must find the trial court's attitude was unreasonable, arbitrary or unconscionable. *Tracy v. Merrell Dow Pharmaceuticals, Inc.*, 58 Ohio St.3d 147, 152, 569 N.E.2d 875 (1991). The failure to apply the two-part test discussed below is sufficient to warrant a finding the trial court abused its discretion. *Bittner; Grieselding v. Krischak*, 6th Dist. Lucas No. L-06-1010, 2007-Ohio-2668, ¶ 40.

{¶ 8} The starting point for determining reasonable attorney fees is to determine the product of the "reasonable hourly rate" and the total "hours reasonably expended" in connection with the R.C. 1335.11 claim. *State ex rel. Harris v. Rubino*, 156 Ohio St.3d 296, 2018-Ohio-5109, 126 N.E.3d 1068, ¶ 3. Once this base figure has been determined, the trial court has the discretion to "adjust the fee upward or downward, based on the factors listed in Prof.Cond.R. 1.5(a)" to determine the appropriate fee award. *Id.*, citing *Bittner* at syllabus. The factors in Prof.Cond.R. 1.5(a) include: " the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of

5.

the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent." *Sky v. Van Der Westhuizen*, 5th Dist. Stark No. 2018 CA 00127, 2019-Ohio-1960, ¶ 73, citing *Canton v. Irwin*, 5th Dist. Stark No. 2011 CA00029, 2012-Ohio-344.

{¶ 9} In the case before us, Booth does not challenge the basis for awarding attorney fees or the reasonableness of the hourly rate charged by counsel. Instead, Booth argues that the hours expended in this case were unreasonable.

{¶ 10} The following evidence was presented at the hearing. Thomas Connors, attorney for Copeco, Inc. testified he has 30 years of experience and has been counsel for Graphic Enterprises since the 1990s, which later purchased Copeco, Inc. He further testified that while he has dealt with breach of contracts cases many times, he has only worked with a R.C. 1335.11 claim a couple of times and never sought attorney fees in those cases. Connors authenticated the bills his office submitted to Copeco, Inc. for the work done with regard to this suit. His affidavit attesting to the necessity and reasonableness of his fees was also admitted into evidence.

{¶ 11} Booth called attorney Thomas Cafferty as an expert to testify regarding the unreasonableness of the billings. Cafferty testified he has 11 years of experience and has worked on dozens of breach of contract cases. He reviewed the motion for attorney fees, the prior filings in the case, and the fees charged.

{¶ 12} The bills reflected that Connors expended a total of 61.4 hours representing Copeco, Inc. in this case. Booth took issue with the necessity and reasonableness of

6.

expending 19.2 hours to prepare a six-page motion for summary judgment and attached affidavit. Booth also challenged the 7.4 hours expended to prepare a reply brief to the memorandum in opposition to the motion for summary judgment, which did not include any legal citations.

{¶ 13} While Connors admitted the legal issues were not complicated, he testified he had to spend considerable time to meet with Copeco, Inc. and understand the factual issue of the commission formula based on the information supplied by Copeco, Inc. and to assemble the documents which would support the motion. Connors testified that the reply brief required that he track down the factual information regarding costs, which supported the commission calculation, and to prepare an affidavit.

{¶ 14} Cafferty testified the hours spent in preparing the motion for summary judgment were unreasonable because the only issue in the case was a factual matter and Connor had a high level of expertise. Cafferty believed that even preparation of the affidavit should not have taken more than one-to-two hours.

{¶ 15} Connors testified the appeal process required 7.9 hours of work. Booth argues the Copeco, Inc. appellate brief included approximately three pages of argument, including the standard of review. No further legal citations were needed as the only issue was factual. Furthermore, the statements of facts included in the brief were taken verbatim from the summary judgment motion.

{¶ 16} Connors testified he spent most of this time thinking about the arguments. He believed that while this was not a complex case, the issue of the commission formula

7.

and the cost accounting issue was complicated.  Cafferty testified the time spent preparing the appellate brief was unreasonable considering that the issue was merely factual.

{¶ 17} Booth also challenged the 2.4 hours expended to prepare a motion for attorney fees.  Connors testified he was not familiar with the process for seeking attorney fees and spent additional time determining how to proceed.  He further indicated he expended 2.4 hours to research and draft the motion and an additional 6.89 hours to prepare a reply to the memorandum in opposition to his motion for attorney fees.  He later expended another 3.5 hours on the attorney fee issue.  Connors testified that the time was justified by the fact that the fee issue involved a number of complex procedural issues.

{¶ 18} Cafferty testified that expending nearly 7 hours to prepare the reply brief regarding the motion for attorney fees and the affidavit, which merely cited the facts and no law, was unreasonable.

{¶ 19} Following the hearing, the court took the matter under advisement, but did not issue a written judgment until March 1, 2019, when it determined that total fees due to Copeco, Inc. were $20,407.20.  In that judgment, the trial court did not determine whether the fees presented were necessary and reasonable.  Instead, the court noted only that Booth had not "cited any authority indicating that the fees accrued * * * are unreasonable."

8.

{¶ 20} In his first assignment of error, Booth argues the trial court erred in awarding attorney fees in this case because Booth had not asserted an action under R.C. 1335.11(D).  We find this argument lacks merit.  Booth expressly asserted in his complaint that the provisions of R.C. 1335.11(D) permitting treble damages and attorney fees applied in this case because the alleged failure to pay Booth's commission was "willful, wanton, or reckless misconduct or bad faith" and this assertion was expressly incorporated into both his breach of contract and unjust enrichment claims.  Therefore, it is clear Booth asserted the statutory claim.  Accordingly, we find Booth's first assignment of error not well-taken.

{¶ 21} In his second assignment of error, Booth argues that the trial court erred by placing the burden on him to prove the reasonableness of the Copeco, Inc. attorney fees.  In his third assignment of error, Booth argues the trial court erred by considering the reasonable and necessary finding as a legal issue rather than a factual issue and requiring Booth to cite authority as to the reasonableness of the attorney fees.  In his sixth assignment of error, Booth argues the trial court erred in finding the Copeco, Inc. attorney fees were reasonable.  We will address these three assignments of errors together.

{¶ 22} The trial court held that "Booth has not cited any authority indicating that the fees accrued by [Copeco, Inc.] are unreasonable."  We agree with Booth that this finding suggests the court erroneously considered the issue of the reasonableness of the fees as a legal issue and placed the burden of proof on Booth.  In this case, Copeco, Inc.

9.

submitted the affidavit and testimony of its lawyer to establish his bill was reasonable and necessary. Booth submitted independent, expert testimony to establish the hours expended were unreasonable. The failure of the trial court to make finding as to the reasonableness and necessity of the fees in light of the contradictory evidence and to consider adjustment of the fee based on Prof.Cond.R 1(a) constitutes an abuse of its discretion. Therefore, we find Booth's second, third, and sixth assignments of error well-taken.

{¶ 23} In his fourth assignment of error, Booth argues that the trial court erred by failing to strike the testimony of a witness without knowledge.

{¶ 24} Generally, a trial court has broad discretion in determining whether to admit or exclude evidence, but it cannot admit evidence contrary to the rules of procedure and evidence. *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, 834 N.E.2d 323, ¶ 20; *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). Evid.R. 602 prohibits a witness from testifying about matters which they have no personal knowledge. Hearsay is inadmissible unless an exception to the rule applies. Evid.R. 802 and 803. On appeal, we apply an abuse of discretion standard and reverse if an abuse of discretion resulted in material prejudice. *Beard*.

{¶ 25} In the case before us, Copeco, Inc. called Renae Howard, the office administrator for Copeco, Inc., who testified Connor's legal bills in this action had been paid. The administrator admitted she does not work in accounts payable and had contacted the accounts payable department to learn whether the bills had been paid. The

10.

trial court denied Booth's motion to strike the witness's testimony on the grounds of hearsay.

{¶ 26} We agree with Booth that the witness did not testify from her own personal knowledge about whether the bills were paid. Furthermore, none of the exceptions to hearsay applied in this case. However, the attorney for Copeco, Inc. authenticated his bills and attested he submitted the bills to Copeco, Inc. All of the bills except the last contained a running balance indicating the attorney had received payment for all the prior bills. Only the final bill lacked a notation that it was paid. Therefore, for the most part, the administrator's testimony was unnecessary. While we find the trial court abused its discretion by failing to strike the testimony of Howard, Booth was only materially prejudiced regarding the testimony that the final bill had been paid. Booth's fourth assignment of error is found well-taken in part.

{¶ 27} In his fifth assignment of error, Booth argues the trial court erred in failing to allocate the fees between the two causes of action. Upon a review of the complaint, we find that the breach of contract claim and the R.C. 1335.11(D) claims are interrelated and the total fees incurred were required to defend against the statutory claim. *Corp. Communication Servs. of Dayton*, S.D.Ohio No. 3:08-CV-046, 2012 WL 2006642, at *4. Therefore, we find Booth's fifth assignment of error not well-taken.

{¶ 28} In his seventh assignment of error, Booth argues the trial court erred by misinterpreting the remedial statute. He asserts the statute was designed to protect workers, not employers.

11.

{¶ 29} The purpose of R.C. 1335.11(D) is to "provide a penalty by way of damages and reasonable attorney fees against a principal who fails to pay commissions in compliance with subdivision (C) of the statute" *and* to "deter the assertion of unfounded claims under the statute by providing for the recovery of attorney fees and costs by a defendant who successfully defends the claim." *Kosta*, 103 Ohio App.3d at 364, 659 N.E.2d 810 (11th Dist.1995). *See also Corp. Communication Servs. of Dayton* at *2. Therefore, we find Booth's seventh assignment of error not well-taken.

{¶ 30} Having found that the trial court did commit error prejudicial to Booth and that substantial justice has not been done, the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this judgment. Copeco, Inc. is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

12.

Arlene Singer, J.

Christine E. Mayle, P.J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.